Thank you, Your Honors. My name is Bob Kovacevic. I'm the attorney for appellants in both cases. I think the court in this case, and actually, and I'll try, there'll be some duplication, but I'll try and avoid that. Really what has to be looked at here is that the tribes do not there is no authority of an Indian tribe to regulate or tax the non-resident, non-Indian, non-native. Plains Commerce 554 U.S. 328 says this, as does the Atkinson case, which I'll refer to a little later. Plains Commerce says they're members of the tribe. The tribe does not have adjudicative jurisdiction, and it cannot exceed its legislative jurisdiction. Now here, too, as comes into res judicata, the appellant Miller never filed in the tribal court. So another important element that really carries through the logic of this case is that regardless of what government charges the cigarette tax, it's always the incidence of tax is always on the purchaser. Counsel, before we get there, may I ask you to address the issue of sovereign immunity? Yes, Your Honor. The sovereign immunity is reviewed in Plains Commerce and in Atkinson, the case that's cited in the brief, and there is no sovereign immunity unless there is jurisdiction to impose the tax. Also, this case applies sovereign immunity to the entire issue of whether or not cigarette tax can be charged. It's the part is whether or not the tribe can be sued in terms of you don't get to the issue of whether or not they can tax unless you first determine they're subject to suit in federal court. Your Honor, my argument on that is, again, in Atkinson, until the tribe has jurisdiction to adjudicate a non-member, and the Montana cases regarding consensual relationship apply, so until you get to whether or not a tribe can legislate against a non-native, non-member, you don't get the sovereign immunity. My answer, Your Honor... Well, that seems circular, Counsel. You're asking to have a decision on the merits before a decision on sovereign immunity. That's like saying, well, if the United States, I don't know, put a barrier up that failed, there's no sovereign immunity because they should have done it differently, and that's, in essence, what you're saying, that you should be able to bring the lawsuit because you could win on the merits, but Your Honor, the answer to that is in Burlington Northern, 323 Federal 3rd at 771, which is, of course, a Ninth Circuit case. The sovereign immunity does not apply where you ask for a declaratory judgment and an injunction. The complaints in both of these cases are very, very many allegations regarding a declaratory judgment and an injunction for prospective... You're also asking for a refund. That's correct, Your Honor, and I submit to Your Honors that until you get to whether or not the actual liability, whether the tribes have to pay money, you don't get to the issue of sovereignty, and I've argued that that's a defense only where there is a money judgment that we're trying to... Pardon me for interrupting, but as I read the complaint, the primary relief requested is money. I want my money back, and, oh, by the way, let me know in the future that the reason that I don't, that I get my money back is that you don't have authority to regulate, but it's not really... I mean, I don't read it as a declaratory judgment action. I read it as an action for damages, the necessary predicate to which is a ruling in your favor on the legal issue of regulation. What's wrong with that? Your Honor, the complaint in several places, and actually the first claim is injunction and declaratory judgment, and we've pled many facts, including the fact that Matheson will be out of business unless an injunction is entered in this case, and I respectfully disagree. You might say half of the case is about preventing prospective conduct and continuing to tax these customers of Matheson, or it'll be out of business, and we also, throughout the complaint, and I do have it in front, have it here, Your Honor, it clearly, in many places, requests a declaratory judgment and an injunction, and that is an important... But it also clearly requested a refund. That's right, Your Honor. We asked for a refund of all the prior taxes paid, but again, as all of us know, you can have several different claims in a complaint. Well, but then the issue becomes whether or not the complaint is primarily for injunctive relief or primarily for monetary damages, and if it's the latter, then we wouldn't have subject matter jurisdiction because of sovereign immunity. Your Honor, we have... I apologize for some repetition. We say, look, there is no sovereign immunity against a future injunction. Right. I know I just said that, so I won't continue to repeat it, but that's my argument on that point. Okay, so if this court awarded just a decision saying the tribe can no longer assess these taxes, that would satisfy your client? That would have a great deal in satisfaction, Your Honor, because he wouldn't be out of business. If this continues, as it's obvious here, the tribe, which is a big business, they have one of the biggest gas stations in the country. They have three convenience stores. As they're entitled to do. Pardon me? As they are entitled to do. They're entitled to engage in business. Yes, they're entitling, but they're practicing a monopoly against these tribal retailers, and wiping them out of business. And the injunction would be greatly appreciated because then Mr. Matheson would be able to compete without having to pay the tribal tax. So he would be willing to forego any monetary relief? He wouldn't want to forego it, Your Honor, but the case could... I think I understand the law sufficiently. The case could go back solely on the issue of declaratory judgment and injunction, which would prevent future damage. Now, did you make this argument in your brief regarding the fact that you were seeking solely declaratory relief? Yes, Your Honor. It's in the brief in several spots, primarily through the Burlington Northern case, and it's a clear holding. I read your brief as primarily saying that the tribe had waived its right to sovereign immunity by entering into the compact with the state. That was an issue also, but I can represent to the court that we cited Burlington Northern in both the reply and in the opening brief saying we're entitled to the very least to an injunction and declaratory judgment. And there's no doubt in my mind because I reviewed the brief. But it's different saying you're entitled to declaratory judgment and injunction and saying that the sovereign immunity issue is... Sovereign immunity is defeated because that's all we ask for. That's why I'm asking you, where in your brief did you argue that sovereign immunity is not applicable because you only ask for declaratory or injunctive relief? Where is that in your brief? If I may do this, I'm saving some time and I'll bring that back in in my rebuttal. That's fair. Before you're out of time, why wouldn't claim preclusion apply at least with respect to the Washington Court of Appeals decision on this really an identical claim? Your Honor, the Washington Court of Appeals, of course, is a Washington court and not a federal court. And I've cited in the brief where there is differences. That doesn't matter. Does that matter for terms of preclusion? I think so, Your Honor. The federal courts are, of course, courts of jurisdiction on constitutional issues and, of course, whether or not the federal court preempts the state court. But the biggest reason is that the Matheson v. Gregoire, or the prior case, did not make an adjudication. It was dismissed on the fact that the- Well, it held that there was sovereign immunity, which is exactly what we've been talking about. So the question really is, do we reach sovereign immunity directly or do we say, look, your client and those in privity with your client have already litigated this issue a lot and another court has already decided this issue between them and will respect that judgment? I think the best answer I can give to that, there are several, Your Honor, is Wilbur v. United States, which, unfortunately, is not cited in my brief. Judge Rawlinson sat on that case. It's 674 Federal 3rd 1160. And it held that when a compact was in order and in place between Indian tribes and the state of Washington, there is no right for the state of Washington to collect taxes. Wilbur was a criminal case and a Swinomish Indian person. Judge Rawlinson, I think she dissented as to that issue, but it's still a law on the first panel. So the Wilbur case said the state has nothing to do once the statute and the agreement says we won't collect any state tax. And so Wilbur answers that, and I urge the court. Well, in a way it does. Wilbur says as long as the compact is being complied with, then the state doesn't collect taxes. That's correct, Your Honor. And I argued and lost the state case of Kamanath that was followed in Wilbur. So it's clearly the state has, the argument is the state didn't have any ox to grind because there was a compact in Madison v. Grigmore. Plus Miller was not a party. And the facts have changed. Miller has appended an affidavit saying that there is a closer store that's open after the state Matheson case that is in direct competition with Paul Matheson and his store, and the facts have changed. And also the law has changed. As I cited, the case of Freeman, 322 Federal Third, regarding state court is not bound by the federal court, or vice versa. State court could not hear a case that the federal court is not bound by it. Also the case that I submitted on a 28J, the Arizona case, is a preemption of state law. May the immigration case may completely wipe out any state rights to tax Indian people for cigarettes when they're residents of their own tribe. Counsel, you have about two minutes left. If you wanted to save some for rebuttal, you may. Counsel, could you just start with your table of contents when you're looking for your argument? Thank you, Your Honor. Good morning, Your Honors. May it please the court. My name is John Bell. I'm presenting argument this morning on behalf of all three appellees, the Puyallup Indian Tribe, its Tribal Council Chairman, Herman Dillon Sr., and Chad Wright. Your Honors, this court observed a few years ago, quote, knowingly refiling a decided action under another party name not only wastes scarce judicial resources, but also shows corrosive disrespect for the finality of the decision, end quote. That was this court's decision in Headwaters, Inc. versus U.S. Forest Service in 2004. That description precisely describes what has happened here. Mr. Matheson and now a couple of his customers have filed the same lawsuit making the same claims, the same arguments on the merits in now the third court system. They have had the issue of sovereign immunity decided against them in the first two cases. Were they both state cases? No. The first case was in the Washington state court system, Matheson v. Gregoire. Second case was in the Puyallup tribal court system. And let me emphasize, as I have in the briefs, that the only issue on which the tribe is seeking to apply the principle of res judicata is the principle of sovereign immunity. We're not pretending that the merits were decided in any of those cases. They were not. They should not have been because sovereign immunity prevents the case from going forward. In my brief visit with the court this morning, I'd like to focus on the primary defect in the challengers, as I call them. Mr. Matheson, the retailer, and his two customers. The challengers attempt to avoid the tribe's sovereign immunity. What they have been arguing throughout the case, and although I hesitate to make counsel's arguments for him here, but the issue we've been dealing with throughout the series of three cases, and that the district court very explicitly decided here, is the issue of whether ex parte young, a long ago decided US Supreme Court decision, whether ex parte young provides whether the challengers here qualify for an exception to sovereign immunity under ex parte young, which of course provides for an exception when a government official, any government, federal, state, tribal, when a government official acts in excess of the authority that that government has or acts in violation of federal law. The defect in the challengers' arguments here is that they have not demonstrated, they have not made any legal argument to demonstrate that any tribal official has acted in either of those manners, in excess of the tribe's authority or in violation of tribal law. They have tried to accomplish that goal, getting to this violation. They've tried to accomplish that under the guise of asking the court to assume the accuracy, the correctness of their factual allegations, which in some 12b1 motions, not this one ironically, but that doesn't matter here. Under the guise of asking the court to assume the correctness of their factual allegations, they are instead asking this court to assume the accuracy, the correctness of their legal arguments. For example, they assert, they call it an allegation, the tribal officials violated federal law. That's a legal conclusion. That's not a factual allegation. You must demonstrate the legal principles to convince the court that they acted in violation of federal law. They allege, in their words, the tribal officials violated the Sherman Act. Again, that's a legal conclusion. That's not a factual allegation. The tribal officials exceeded the tribe's authority by taxing the sale of cigarettes to non-Indians. Once again, that's a legal argument. That's a legal assertion. And as the Supreme Court and this court have consistently held over the years, even in a case where a party is entitled to have the facts that they've alleged be treated as true for the purpose of a motion to dismiss, they are, the court is not bound to accept as true a legal conclusion couched as a factual allegation. Counsel, what is your response to the argument that the plaintiffs may be willing to go forward solely with declaratory and injunctive relief for the future? How does that affect, if it does, the assertion of sovereign immunity, or does sovereign immunity still apply? Your Honor, sovereign immunity still applies in all circuits except one, I believe. I'm forgetting offhand which circuit it is that has suggested there's an exception for an injunctive and declaratory relief. But the Ninth Circuit does not follow that principle. And even in the circuit where that suggestion has been made, using the words, or asking for declaratory and injunctive relief does not automatically get the party past the threshold of sovereign immunity. The party must nevertheless, in those cases, in that circuit, make a showing similar to what's at issue here, that is, in the Ex parte Young argument. That is, they must demonstrate, they must show that the facts they have alleged, and facts which in our case, by the way, are agreed, there's no dispute about the jurisdictional facts. They must show that those facts add up to, that they constitute a violation of federal law. And they don't show that here. The facts which I say are not in disagreement here are that Mr. Matheson is a Puyallup tribal member. The tribe indeed assesses its cigarette tax on sales he makes to non-Indians. Tribal law requires retailers to purchase cigarette inventory from state-licensed wholesalers. Series of those basic jurisdictional facts, that is, facts that are relevant to the arguments they're making about whether the tribe, tribal officials, have acted in excess of the tribe's law. Those are agreed. There's no dispute there. However, what's not agreed, and what they are not entitled to have assumed, is their legal conclusions. They're not entitled to an assumption that the tribal officials violated, acted in violation of the Sherman Act, or in excess of their authority. Especially here, where all of these accepted jurisdictional facts, under the law, absolutely do not add up to that conclusion. The argument that was discussed a little earlier about taxing authority over non-Indians, the challengers have insisted throughout the three cases, actually four cases in the three court systems, that tribes do not have authority to tax. That is flatly incorrect. The United States Supreme Court, as we emphasize in our brief, the United States Supreme Court decided in the Colville cigarette case, and has reiterated three or four times since then, Indian tribes absolutely do have authority to tax cigarette sales made to non-Indians. So... So, was it your understanding during the briefing in the district court that the plaintiffs were relying on the fact that they were seeking only declaratory relief and injunctive relief to defeat sovereign immunity? They have made that argument at various points along the way. But then, as your honors pointed out, they have proceeded to ask for many other things, damages primarily, other things besides those. But even if their complaint, if their case were restricted to injunctive and declaratory relief, that, as I explained, is not the law in the Ninth Circuit. The Sherman Act is the other federal law which plaintiffs have argued tribal officials have creating in their view an exception, bringing them under the ex parte young exception to sovereign immunity. Now, in the context that counsel apparently wishes to focus on today, in the context of arguing for the ability, latitude to go ahead with a request for injunctive or declaratory relief. But in either context, a violation of the Sherman Act, a federal antitrust law, simply is not demonstrated by the facts that are here. Again, those facts are that the tribe charges a tax on purchases by non-Indians. The tribe requires purchases of inventory made from certain places. The tribe requires that the retail selling price include, at a minimum, the wholesale cost, including the tribal tax. Those are the facts on which a violation of a supposed violation of antitrust law must be found. And it simply is not there. The case law, as we've discussed in our brief, is absolutely clear that in order for a court to determine that there has been a violation of antitrust law must demonstrate, must show a conspiracy, an agreement between competitors that establishes a minimum price, must show a series of other things leading to that legal conclusion. Again- Counsel, could you please address the res judicata portion of this case? Yes, Your Honor. And let me be clear that either ground for decision would be fine with the tribe, whether it's decided on res judicata basis or after examining sovereign immunity. But res judicata is absolutely applicable here because, as this Court observed, it is not a sufficient basis, it's not effective in attempting to get around res judicata, simply to add a new plaintiff each time they want to relitigate the case. If that were allowed, the case would go on forever. They've got hundreds, probably thousands of customers. So that's not sufficient. They also make the argument that different claims, different arguments on the merits were made in the other cases, as we demonstrated in our brief and in the excerpts of record that we submitted. They have made the same claims, the antitrust claim, the lack of authority to tax non-Indians, made the same claims in each of the cases. And again, sovereign immunity is the one issue to which we would like to have res judicata applied. And that has been decided in each of the courts below. What's your response to opposing counsel's suggestion that because it was a state court that made the determination, we should not recognize it as binding? Your Honor, that's not the law of res judicata, I believe. I'll have to go back and look. I believe one of the cases that I've quoted in our brief as well, not just cited but quoted, indicates that res judicata applies a decision made, as long as it meets the other requirements, applies a decision. It has that effect, whether it was made by another federal court, a state court, even a tribal court. So the fact that it was in a state court does not disable the principle of res judicata at all. Unless the court has any further questions, I would close by asking the court to put an end to the waste of not only judicial resources, but the party's resources here, and the corrosive disrespect that this continuing series shows for the finality of court decisions. Thank you, Your Honors. Thank you, Counsel. Mr. Kovacevic, you have a couple of minutes left. Thank you, Your Honors. Last issue first. Mr. Brown indicated that the state court has the law. It's not the law that the state court can't abide in the federal court on res judicata. I submit that the Freeman case, 322 Federal 3rd at 1143, states, as I read it, the state court could not hear the case, and the federal court is not bound by a state court decision. More important on that issue is Sonnen, 333 U.S. 600, the federal or Supreme Court case, says that in tax cases, you can't have res judicata. That makes sense. Does that mean here, if the court upholds this decision, no one can ever get a refund of the cigarette tax? And that case says if facts or laws are changed, there can't be any res judicata. What was the name of that case? Sonnen, S-U-N-N-E-N. That didn't involve a constitutional or sort of challenge to authority. That has to do with, as I recall, it's been a long time since I've seen that case, but I think that had to do with the specific refund application under a specific statute, not a challenge to the whole authority to tax. Am I wrong about that? I think so, Your Honor, because they said that each year stands on its own. Right, but that has to do with the calculation of a specific amount of tax under a law that everybody takes as valid. This is a completely different animal. This just says you have no right to impose any tax, period. And the theory of that is constant from year to year. Your Honor, Burlington Northern, the answer 323 Federal 3rd at 771 follows. That's, of course, a Ninth Circuit case follows Sonnen, and it's on a tribal tax. And it's the same injunction case I've been arguing. It applies to two issues. Quickly, because I'm running out of time, page 76 of the excerpts has the allegations for injunction and declaratory judgment. At page 77, the loss is an opportunity that cannot be quickly regained and is irreparable. But I ask you where you argued that in your opening brief, because on appeal, we generally are limited to addressing the issues that are raised in the brief. I pointed you to your table of contents where you talked about the fact that the sovereign immunity was waived due to signing of a compact. But I didn't see in there where you listed as an issue the fact that your relief was limited to declaratory and injunctive relief. Yes, Your Honor, I understood. And Burlington Northern is cited in the opening brief at page 17 and 21. It's cited in the reply brief at page 24. We also cite Salt River Project Agricultural 672 Federal 3rd 1176, a 2012 case that holds the exception to sovereign immunity on injunction. Counsel, you know that citation of a case does not flesh out an argument sufficiently to present it to the court. Yes, Your Honor, I understand that. I argue actions against tribal officials in their official capacity to enjoin them from violating federal statutes and also federal common law is an exception to sovereign immunity. I submit that I did argue that and the reasoning behind it, Your Honor. Thank you, Counsel. Your time has expired. And we will submit this argued case. And we appreciate your arguments. Before our break, we'll also hear Tonella.
judges: Noonan, Graber, Rawlinson